On Motion for Rehearing
MAKAR, J.
In her rehearing motion, Ms. Botchey seeks to modify our opinion to “remove all statements or implications that Mr. Ahmed ever disclosed any confidences or that Mr. Block or his law firm did not take safeguards to ensure that no confidences were or could be disclosed.” Accompanying her motion are three post-opinion affidavits: one from Mr. Block saying he had an ethical wall in place to prevent disclosure of confidential information from Mr. Ahmed, one from his firm’s paralegal saying she erred by including Mr. Ahmed’s signature on a post-trial response, and one from Mr. Ahmed saying he didn’t know anything about this appellate proceeding or that his name on the signature block played a role until our decision was released.
The appropriate time to have asserted the type of factual matters in these affidavits was when a response to Mr. Rombo-la’s disqualification motion was due in the trial court. Injecting new facts and legal arguments in a rehearing motion is not looked upon favorably. See Fla. R.App. P. 9.330(a); Begyn v. State Bus. & Prof'l Reg., 849 So.2d 336 (Fla. 1st DCA 2003). It muddles the orderly process by which trial and appellate courts operate; it raises costs to the parties and the system; it creates delays and diverts resources from other productive uses. Because the motion claims our opinion is based on “mistaken factual assertions that are unsupported by the record” that “calls” the “reputations [of Messrs. Block and Ahmed] into question,” however, we choose to address the motion’s merits.
First, the opinion does not say that Mr. Ahmed actually disclosed confidential information or imply that he did so. Instead, the opinion is undergirded by the legal principle that protecting former clients from the potential disclosure or misuse of confidential information requires broad legal protection, a potential that need not be realized to warrant judicial relief. Beyond that, the record establishes an appearance of indifference to confidentiality of client information. In response to the disqualification motion, Ms. Bot-chey’s attorneys downplayed its ethical implications, claiming that “even if Mr. Ahmed had privileged information regarding this trial, that is now irrelevant and immaterial” and “is rendered completely and totally moot” because the trial was over; an inference to be drawn is that an ethical screen is unnecessary. This poten *1146 tial and this appearance are enough to sustain our opinion without any finding or implication that Mr. Ahmed himself acted wrongfully.
Second, had Ms. Botchey’s counsel filed the three affidavits at issue in response to Mr. Rombola’s disqualification motion, the complexion of this matter may well have changed markedly by signaling to the trial court, and — more importantly — to the former client, that ethical safeguards were being taken seriously and would be immediately implemented thereby reducing the appearance of impropriety and maximizing the protection of the former client interests; much litigation and expense could have been avoided. That did not occur because, as Ms. Botchey now claims, her “position then and now is that Mr. Block and his law firm are clearly disqualified from this case.” But that is inaccurate and contrary to her position below; indeed, the only dispute in this case was whether disqualification should have been from the case or just the trial portion. Given Ms. Botchey’s litigation position below, and her failure to file affidavits alleviating the ethical issues raised, we are in no position to revive the matter factually at this point.
All this said, we are not unsympathetic to the plight of Mr. Ahmed, who — crediting his affidavit on appeal — relied exclusively on a senior partner, Mr. Block, to handle the disqualification matter and make decisions affecting Mr. Ahmed’s interests. Young attorneys such as Mr. Ahmed can be swept into situations beyond their control when they rely on their superiors to handle such matters, which is borne out in this case. In his appellate affidavit, Mr. Block admits he mistakenly signed the response with Mr. Ahmed’s name on it and made all the decisions that resulted in the controversies in this appeal. It was thereby on Mr. Block’s shoulders, not Mr. Ahmed’s, that the burden of this case rested.
DENIED.
ROWE and SWANSON, JJ„ concur.